IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-04-178-KI |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| BERNARDO SOLANO DIAZ, | |
| Defendant. | |

KARIN J. IMERGUT
United States Attorney
THOMAS H. EDMONDS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

       Attorneys for Plaintiff

RUBEN L. INIGUEZ
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

       Attorney for Defendant

KING, Judge:

The matter before the court is defendant's motion to dismiss the indictment (#43), charging him with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), for failure to state an offense and lack of jurisdiction. For the following reasons, defendant's motion is DENIED.

## BACKGROUND

On May 13, 1992, defendant was convicted of the Oregon felony crime of Assault in the Third Degree. Gov. Ex. 1.

On March 6, 2004, defendant possessed a Bryco, Model —38, .380 caliber semi-automatic pistol, which had previously been transported in interstate commerce.

Defendant came before this court on February 15, 2005, and pleaded guilty to Count 1 of the indictment, charging him with felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). Defendant's sentencing in this case is pending.

## DISCUSSION

The gravamen of defendant's motion is that he is excluded from the class of felons prohibited from possessing firearms under 18 U.S.C. § 922 (g)(1), because he has not been convicted of the predicate "crime punishable by imprisonment for a term exceeding one year." Though the Oregon statute criminalizing Assault in the Third Degree allows for a maximum punishment of five years imprisonment, defendant was sentenced to 36 months probation, and given credit for time served equivalent to "30 custody units in the county jail," after pleading guilty to the charge in 1992. See ORS 163.165(2) (categorizing Assault III as a Class C felony); see also ORS 161.605(3) (maximum sentence for a Class C felony is 5 years).

PAGE 2 - OPINION AND ORDER

Defendant argues that after U.S. v. Booker, 125 S.Ct. 738 (2005), and Blakely v. Washington, 124 S.Ct. 2531 (2004), to determine whether a crime is punishable by a term exceeding one year, the court must look to the presumptive sentence under Oregon's sentencing guidelines, not the maximum sentence available by statute, because only under the guidelines are the facts of the crime as committed and the individual perpetrator's unique criminal history taken into account. Together Booker and Blakely require all facts forming the basis of departure from the presumptive sentencing range to be established by a jury, beyond a reasonable doubt, or admitted by the defendant. Therefore, according to defendant, since the statutory maximum sentence cannot be imposed without additional fact finding, a predicate crime under Section 922(g)(1) cannot be fixed without looking to the sentence actually imposed on the individual based on the facts found.

Defendant contends Dilts v. Oregon, 337 Or. 645, 651-52 (2004) (Dilts II), a post-Blakely ruling from Oregon's highest court, lends authority to his argument. The Dilts II court held the maximum sentence that can be imposed under Oregon law is the "presumptive sentence" generated by application of the state's sentencing guidelines grid.[1] A sentence that exceeds the presumptive sentence, without the required additional findings, is erroneous. Id. (citing State v. Woodin, 131 Or. App. 171, 176 (1994)).

In their supplemental pleadings, the parties agree that the maximum sentence the state can impose on a hypothetical individual convicted of Assault III is 60 months imprisonment. However, defendant avers that based on his criminal history he was only subject to a maximum

---

[1] Oregon law provides that "the sentencing judge shall impose the presumptive sentence *** unless the judge finds substantial and compelling reasons to impose a departure." Dilts, 337 Or. at 652 (citing OAR 213-008-0001).

PAGE 3 - OPINION AND ORDER

term of 90 days imprisonment, with an additional 180 days non-jail time that could have been used for treatment and other remedial purposes.[2] Even if the State had sought a durational departure, according to defendant, the maximum sentence would have been "double the maximum duration of the presumptive prison term," or 180 days.

The government maintains that the statutory maximum, not the Oregon sentencing guidelines, control whether a prior conviction qualifies as a predicate conviction under 18 U.S.C. §922(g)(1). The government refers the court to recent Ninth Circuit guidance regarding statutory maximums and the Oregon sentencing guidelines. In United States v. Rios-Beltran, 361 F.3d 1204 (9th Cir. 2004), decided prior to Dilts II, the court reviewed whether a defendant's prior conviction qualified as an "aggravated felony" for purposes of sentencing. The Rios-Beltran court stated,

> The actual sentence imposed on an individual for a prior conviction, or the actual sentence that potentially could have been imposed based upon the particular facts of that person's case, is not the relevant inquiry. We look to the maximum penalty allowed by law in determining whether a prior conviction constitutes an aggravated felony under state law for purposes of the [Sentencing Guidelines].

361 F.3d at 1208 (citing United States v. Corona-Sanchez, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc) ("[F]ederal courts do not examine the facts underlying the prior offense, but 'look only to the fact of conviction and the statutory definition of the prior offense.'") (quoting Taylor v. United States, 495 U.S. 575, 602 (1990)). Because the maximum sentence for Rios-Beltran's prior conviction for possession of a controlled substance was five years imprisonment, the Ninth Circuit held that his prior conviction qualified as an aggravated felony. 361 F.3d at 1210.

---

[2] Defendant's Oregon State Sentencing Guidelines grid coordinates were 6 and H.

In <u>United States v. Moreno-Hernandez</u>, 397 F.3d 1248 (9th Cir. 2005), decided after <u>Dilts</u> II and <u>Blakely</u>, the court rejected defendant's argument that <u>Blakely</u> changed the maximum sentence available under Oregon law. <u>Id</u>. at 1255 (citing <u>Dilts</u> II). The court remanded the case for re-sentencing pursuant to <u>Booker</u>, and invited the parties to take up the question of whether the statutory maximum rather than the Oregon sentencing guidelines sentence controls the determination of whether a prior conviction qualifies as a "felony" for sentencing enhancement purposes. In spite of the remand, the government argues it is clear that the <u>Rios-Beltran</u> rule stands because <u>Moreno-Hernandez</u> said <u>Blakely</u> didn't change the maximum sentence available under Oregon law, it just changed the requirements for imposing it.

Defendant does not address these cases. Instead, he emphasizes his interpretation of <u>Blakely's</u> holding that the "statutory maximum" is the maximum sentence a judge may impose without additional fact finding, therefore a crime is only punishable by the presumptive sentence under the sentencing guidelines. 125 S.Ct. at 756. However, as the Ninth Circuit found in <u>Moreno-Hernandez,</u> <u>Blakely</u> did not void the possibility of assigning the maximum sentence listed by statute, it just changed the requirements for doing so. <u>Dilts</u> II simply restated this rule in terms of the Oregon sentencing guidelines, while acknowledging the continued availability of the statutory maximum sentence, so long as any departures from the "presumptive sentence" under the guidelines are supported by additional fact finding, consistent with <u>Blakely</u>. 337 Or. at 652. Since the scenario defendant seems to hypothesize (where the sentence for an individual meriting the highest presumptive sentencing range and all conceivable departures for the crime as committed is still less than one year imprisonment) is not presented by the case at bar, I decline to address it here.

PAGE 5 - OPINION AND ORDER

Since the 1986 passage of the Firearms Owner's Protection Act (FOPA), 18 U.S.C. § 922(g)(2)-(9), the Ninth Circuit has broadly interpreted Congress' intent to impose a firearms disability on felons. In U.S. v. Johnson, 988 F.2d 941, 944 (9th Cir. 1993), the court determined that a defendant who had been convicted of a class C felony in Oregon was properly included among the class of convicted felons prohibited from possessing firearms under 18 U.S.C. § 1202. See also U.S. v. Horodner, 993 F.2d 191, 194 (9th Cir. 1993) (defendant's prior conviction was punishable by up to four years in prison, satisfying the predicate conviction requirement under 18 U.S.C. § 922(g)(1)). More recently, in U.S. v. Marks, 379 F.3d 1114, 1119 (9th Cir. 2004), the court stated that "[t]he focus of the inquiry under Sections 921(a)(20) and 922(g)(1) is whether someone has been convicted of a felony under state law, not whether that conviction is constitutionally valid, nor whether it may be used as a predicate conviction for subsequent state prosecutions." (citing United States v. Thompson, 117 F.3d 1033, 1034 (7th Cir.1997) (holding that prior Indiana felony was "conviction" for purposes of defendant's § 922(g)(1) prosecution, and noting that "although state law determines whether there is a predicate state-law conviction, once the conviction is established, federal law dictates that the convicted felon may not possess any firearm.").

Applying cannons of statutory interpretation, the Fourth Circuit arrived at the same conclusion in U.S. v. Jones, 195 F.3d 205 (4th Cir. 1999). The defendant in Jones argued his prior state felon-in-possession conviction was not "a crime punishable by imprisonment for a term exceeding one year," because under North Carolina's sentencing scheme, his maximum sentence did not exceed twelve months. Rejecting this argument, identical to the one at bar, the court stated:

PAGE 6 - OPINION AND ORDER

> Jones' theory of the meaning of section 922 accords with neither the language of section 922(g)(1) nor North Carolina judicial practice. Section 922(g)(1) requires only that the crime be punishable by a term exceeding one year. As the Supreme Court recognized in Dickerson v. New Banner Institute, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), "[i]t was plainly irrelevant to Congress whether the individual in question actually receives a prison term; the statute imposes disabilities on one convicted of 'a crime punishable by imprisonment for a term exceeding one year.' " Id. at 113, 103 S.Ct. 986.

The Jones court adopted the reasoning of the district court in that case, that if Congress had intended the jurisdictional trigger to turn on the sentence actually imposed on a defendant rather than his conduct, it would have used the phrase "individual punished by imprisonment," rather than "individual convicted of . . . a crime punishable by imprisonment . . . ." Id. at 207.

The First Circuit came to the same conclusion, under similar circumstances, in United States v. Minnick, 949 F.2d 8, 9 (1st Cir. 1991), finding irrelevant whether a prison sentence was actually imposed for Section 922 purposes. The court reasoned, "[i]f the sentencing court had discretion to impose a term of incarceration of more than one year, then a defendant's crime is one "punishable by imprisonment for a term exceeding one year." Id. (citing United States v. Currier, 821 F.2d 52, 58 (1st Cir.1987).

Defendant contends Jones, and other cases cited by the government are unavailing because they mistakenly rely on the rejected rationale of Dickerson v. New Banner Institute, 460 U.S. 103, 111-12 (1983). Defendant's contention is misplaced, however, because these cases merely incorporate dicta from that case.[3] In fact, Dickerson did not address the construction of Section 922(g)(1). The issue in Dickerson was whether a plea of guilty constituted a

---

[3] The cases quote the Court's finding that "[i]t was plainly irrelevant to Congress whether the individual in question actually receives a prison term; the statute imposes disabilities on one convicted of "a crime p*unishable* by imprisonment for a term exceeding on year." Dickerson, 460 U.S. at 113 (emphasis included).

PAGE 7 - OPINION AND ORDER

"conviction" for purposes of Section 922(g) and (h). Finding that it did, the Dickerson court held that, in the interest of uniform application of the federal firearms laws, federal, not state, law would determine whether one had been "convicted" of a predicate offense, though the offense itself be proscribed by state law.

In 1986 Congress rejected the "Dickerson rule" with the passage of Section 921(a)(20), which left the states free to decide whether a guilty plea should count. What constitutes a "conviction" under the federal firearms statutes "is now required to be determined in accordance with the jurisdiction in which the predicate conviction arose. . .". United State v. Brebner, 951 F.2d 1017, 1021 (9th Cir. 1991). Contrary to defendant's contention, this pronouncement does not settle the question presented by the case at bar.

At the district court level, judges faced with similar arguments have declined to construe the words "crime punishable by imprisonment" to mean "individual punished by imprisonment." In U.S. v. Purdey, No. CR 04-2116-WFN (E.D. Wa. October 21, 2004), the court held that the word "punishable" in Section 922(g)(1), was linked solely to the crime of conviction, not the individual sentenced.

To date, two judges in the District of Oregon have faced this issue. In United States v. Bohnstehn, CR 04-371-MO, the Honorable Michael Mossman recently denied a defendant's motion to dismiss for lack of subject-matter jurisdiction. The facts in Bohnstehn were nearly identical to the instant case. Defendant had pleaded guilty to felon in possession of a firearm, and was awaiting sentencing when he moved to dismiss the indictment on the basis that his prior Oregon conviction for Burglary II did not qualify as a predicate conviction under 18 U.S.C. §922(g)(1). Ruling from the bench, Judge Mossman indicated that he relied on Jones, Purdey,

and U.S. v. Sherbondy, 865 F.2d 996 (9th Cir. 1988) ( incorporating the holding in Lewis v. U.S., 445 U.S. 55 (1980), to find as with 18 U.S.C. § 922(g), §1202(a) did not violate the equal protection clause by singling out felons). CR 04-371-MO (D. Or. April 4, 2005). The Honorable Michael Hogan issued a similar ruling in the case of U.S. v. Ronald Parry, following a three day jury trial. CR 04-60008 (D. Or. March 25, 2005).

The Ninth Circuit's plain reading of 18 U.S.C. § 922(g)(1) in Johnson, Horodner, and Marks, imposes a firearms disability on all individuals convicted of crimes defined as "felonies" under state law. Accordingly, I find defendant's prior conviction for Assault III, which carried a statutory maximum sentence of 5 years imprisonment under the Oregon sentencing guidelines and under the statute, satisfied the predicate offense under 18 U.S.C. § 922(g)(1), as a "crime punishable by imprisonment for a term exceeding one year," even though defendant was sentenced to less than one year of imprisonment.

## CONCLUSION

For the reasons discussed above, defendant's motion to dismiss the indictment (#42 ) is DENIED.

IT IS SO ORDERED.

Dated this   24th    day of May, 2005.


       /s/ Garr M. King
      Garr M. King
      United States District Judge